988 A.2d 1106

**Joseph BRAY**

v.

**ABERDEEN POLICE DEPARTMENT.**

**No. 2252, Sept. Term, 2008.**

Court of Special Appeals of Maryland.

Feb. 3, 2010.

416

418

Patrick J. McAndrew (Sandra J. Strebel, McAndrew & Zitver, PA on the brief), Greenbelt, for appellant.

Karen J. Kruger (Hartford County Department of Law on the brief), Bel Air, for appellee.

Panel: WOODWARD, MATRICCIANI and RAYMOND, G. THIEME, JR. (Retired, Specially Assigned), JJ.

THIEME, J.

The Circuit Court for Harford County affirmed the decision of an administrative hearing board which found appellant Joseph Bray, an officer in the Aberdeen Police Department (APD), guilty of multiple charges of misconduct and recommended termination of his employment. As a police officer, appellant was entitled to the protections provided by the Law Enforcement Officers' Bill of Rights (LEOBR), currently codified at Md.Code, § 3–101, *et seq.* of the Public Safety Article ("P.S.").

In his appeal, appellant presents three issues for our review,[1] which we have renumbered and rephrased as follows:

I. Whether appellant was provided proper notice of the nature of the complaint against him prior to his interrogation.

II. Whether appellant was provided proper notice of the charges against him prior to his administrative hearing.

---

1. Appellee, APD, also seeks inappropriately to introduce questions for our review. In the absence of a cross-appeal, however, the appellee's issues are not before us. Furthermore, APD's issues were not considered by the hearing board, and thus they were not properly preserved for our review. *See Mayor of Ocean City v. Johnson*, 57 Md.App. 502, 516–17, 470 A.2d 1308 (1984). We shall not, therefore, address the questions raised by APD, except insofar as they relate to the issues posed by appellant.

III. Whether APD improperly withheld exculpatory information, and/or otherwise misled appellant as to the nature of the charges against him.

IV. Whether the circuit court erred by affirming the hearing board's denial of appellant's motion to dismiss on a different basis than that on which the hearing board denied the motion.

For the reasons set forth below, we affirm the judgment of the circuit court.

## FACTS AND PROCEEDINGS

Since appellant challenges only the sufficiency of the notice provided by APD and raises a question of appellate procedure, a detailed recitation of the evidence presented at the board hearing is not necessary for the resolution of this appeal. Therefore, we note only that this appeal arises from underlying events occurring on May 8, 2007. On that date, appellant was summoned to appear as a witness in three cases, one in district court, one in traffic court, and one in juvenile court.[2] Appellant failed to appear at either the traffic case or the juvenile case for which he was summoned. Appellant later submitted an overtime request for 2.5 hours of overtime pay, along with copies of the email summons annotated with dispositions for all three cases.

The next day, May 9, 2007, the prosecutor in the juvenile case sent an e-mail to appellant's captain informing him that appellant had failed to appear for the juvenile trial. This necessitated the dismissal of the charges against the juvenile. Captain Cox requested that Sergeant Kirk Bane undertake an investigation of appellant's absence.

---

**2.** Appellant was summoned to appear in Case No. 4R00055871, Ervin, in the district court at 8:30 a.m.; Case No. EB88500, Adams, in the traffic court at 9:00 a.m.; and in Case No. 12J07000116, *In Re: L.*, in the juvenile court at 8:30 a.m.

On June 5, 2007, Sergeant Bane presented appellant with a formal Notification of Complaint and Waiver of Rights form, which stated, in pertinent part:

> A complaint has been received concerning an incident in which you were alleged to have been involved. The details of the complaint are as follows: That on 05/08/07 you failed to report to juvenile court.

Appellant signed the Notification, acknowledging that he had received it. He also signed the Waiver of Rights form. Appellant was then interrogated by Sergeant Bane.

On September 11, 2007, appellant received a Notification of Charges indicating that he was accused of eighteen counts of misconduct in relation to his failure to appear in court on May 8, 2007. Counts 2, 7, and 11 accused appellant of making false statements to Sergeant Bane during his interrogation on June 5, 2007. Counts 1, 3, 4, 5, 6, 8, 9, 10 and 13, accused appellant of including false or inaccurate information on his biweekly payroll sheet, court overtime slip, and case disposition information. One charge, Count 12, accused appellant of theft of 2.5 hours of overtime pay. And five charges, Counts 14, 15, 16, 17 and 18, accused appellant of missing court appearances on May 8, 2007, identifying the cases by number.

Appellant participated in a hearing before a three-member administrative hearing board on October 22 and October 23, 2007. As a preliminary matter, appellant sought to have several charges dismissed on the ground that the notice for those charges was insufficient under the LEOBR. Appellant's motion was denied. During the hearing, appellant repeatedly objected to the admission of evidence on the grounds that the notice provided under the LEOBR was insufficient. At the conclusion of the appellee's case, appellant renewed his motion to dismiss and sought acquittal on all charges. Those motions were denied.

The hearing board found appellant guilty on eleven charges, Counts 2, 3, 4, 5, 7, 8, 9, 10, 11, 13, and 16, and not guilty on four charges, Counts 1, 6, 12, and 14. APD voluntarily dismissed three of the charges against appellant, Counts 15,

17, and 18. The hearing board recommended penalties that included termination of appellant's employment. The APD Police Chief adopted the Board's Report without modification. Appellant was terminated on December 7, 2007.

Additional facts may be provided as necessary to support our analysis of the issues.

## STANDARD OF REVIEW

The Court of Appeals addressed the standard of review applicable to LEOBR cases in *Coleman v. Anne Arundel County Police Dept.*, 369 Md. 108, 797 A.2d 770 (2002). The Court stated:

No statute expressly establishes the scope of judicial review of an administrative proceeding initiated by a county police department pursuant to the LEOBR. We have concluded that the scope of judicial review in a LEOBR case is that generally applicable to administrative appeals. Thus, to the extent that the issue under review turns on the correctness of an agency's findings of fact, judicial review is narrow. It is limited to determining if there is substantial evidence in the administrative record as a whole to support the agency's findings and conclusions. . . . While an administrative agency's interpretation and application of the statute which the agency administers should ordinarily be given considerable weight by reviewing courts, we owe no deference to agency conclusions based upon errors of law.

*Id.* at 121–22, 797 A.2d 770 (internal quotations and citations omitted).

When we review an administrative decision, we perform precisely the same role as the circuit court. *Stover v. Prince George's County*, 132 Md.App. 373, 380–81, 752 A.2d 686 (2000)(citing *Department of Health and Mental Hygiene v. Shrieves*, 100 Md.App. 283, 303–04, 641 A.2d 899 (1994)). We look only at "the decision of the agency, not that of the circuit court." *Lucas v. People's Counsel for Baltimore County*, 147 Md.App. 209, 225, 807 A.2d 1176 (2002) (citing *Carriage Hill–Cabin John, Inc. v. Maryland Health Resources Plan-*

*ning Comm'n,* 125 Md.App. 183, 211, 724 A.2d 745 (1999)). Ordinarily, a reviewing court is constrained to affirm the agency decision only for the reasons given by the agency. *See United Steelworkers of America v. Bethlehem Steel Corp.,* 298 Md. 665, 679, 472 A.2d 62 (1984)(citing *Burlington Truck Lines, Inc. v. United States,* 371 U.S. 156, 167–69, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962)("[A] simple but fundamental rule of administrative law ... is ... that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency.")). Where it is a pure question of law, we must "determine if the administrative decision is premised upon an erroneous conclusion of law." *Md. Aviation Admin. v. Noland,* 386 Md. 556, 573 n. 3, 873 A.2d 1145 (2005).

## DISCUSSION

■■■■■■ The LEOBR was enacted to assure that certain procedural guarantees would be offered to police officers during an investigation or interrogation and any subsequent hearing that could lead to disciplinary action, demotion or dismissal. *Ocean City Police Dep't v. Marshall,* 158 Md.App. 115, 123, 854 A.2d 299 (2004). The LEOBR grants "extensive rights to law enforcement officers that are not available to the general public" because "the nature of the duties of police officers [are] different from that of other public employees." *Coleman,* 369 Md. at 122, 797 A.2d 770 (quotations and citations omitted).

As a law enforcement officer, appellant was entitled to the protections of the LEOBR. *See Maryland State Police v. Zeigler,* 330 Md. 540, 553, 625 A.2d 914 (1993).

### I.

LEOBR § 3–104(d)(2) provides, "[b]efore an interrogation, the law enforcement officer under investigation shall be informed in writing of the nature of the investigation." Initially, we shall address whether the Notification of Complaint fur-

nished to appellant prior to his interrogation was sufficient to provide adequate notice of the "nature of the investigation."

Appellant asserts that the Notification of Complaint that he was given prior to his June 5, 2007 interrogation by Sergeant Bane was insufficient because it failed to inform him that he was suspected of falsifying payroll records, collecting un-earned overtime pay, and failing to appear for two other court cases which were not mentioned in the notification. Appellant also contends that the juvenile case that was identified in the Notification was so poorly described that it led to confusion during his interrogation that persisted until the afternoon of the first day of his hearing.[3]

■ APD argues that appellant failed to use the appropriate pre-hearing remedy to challenge the sufficiency of the notice provided to him prior to his interrogation, and that, therefore, he waived his right to challenge the notice on appeal. Alternatively, APD argues that the notice provided to appellant was sufficient under the LEOBR as interpreted in our decision in *Ocean City Police Dep't. v. Marshall,* 158 Md.App. 115, 854 A.2d 299 (2004).

We first address APD's assertion that appellant waived his right to challenge the sufficiency of the notice provided to him because he did not seek a show cause order in accordance with the provisions of LEOBR, P.S. § 3–105.[4] Section 3–105 of the

---

3. Appellant also argues that he waived his right to counsel based upon the mistaken belief that he was being questioned about his failure to appear at the juvenile case involving Jennifer Liberto, an APD records clerk, and that his waiver of rights was, therefore, invalid, and that the APD improperly withheld notice that his telephone records had been subpoenaed in violation of the LEOBR. We note that these issues were not raised before the hearing board, and are, therefore, not preserved for our review. Thus, we decline to consider them.

4. In its entirety, P.S. § 3–105 reads:

 **§ 3–105. Application for show cause order**

 (a) *In general.*—A law enforcement officer who is denied a right granted by this subtitle may apply to the circuit court of the county where the law enforcement officer is regularly employed for an order that directs the law enforcement agency to show cause why the right should not be granted.

LEOBR provides that any law enforcement officer who is denied any right afforded by the LEOBR, at any time prior to the commencement of a hearing, may apply to the circuit court for an order directing the law enforcement agency to show cause why the right should not be afforded.

█ Prior to the commencement of the administrative hearing, appellant had standing under LEOBR § 3–105 to apply to the circuit court for a show cause order in order to challenge the procedural deficiencies of notice. *See Hayden,* 141 Md.App. at 109, 784 A.2d 627 (affirming police officer's right to seek a show cause order from the circuit court to remedy hearing board's denial of his right to subpoena a witness). Following his administrative hearing, appellant also had a right under LEOBR § 3–109 to seek appellate review of the hearing board's decision in the circuit court.[5] The statutory language of LEOBR § 3–109 does not make appellant's right to appeal the decision of the Hearing Board contingent upon any previous attempts to obtain a show cause order under § 3–105.

As the Court of Appeals explained in its decision in *Moose v. Fraternal Order of Police,* 369 Md. 476, 800 A.2d 790 (2002):

> [A]n officer involved in an investigation and hearing first has an opportunity prior to the commencement of a hearing to apply for a show cause order as to why the officer is being denied a right and, then, upon the final decision on the merits of the three-member hearing board under the

---

(b) *Conditions.*—The law enforcement officer may apply for the show cause order:

(1) either individually or through the law enforcement officer's certified or recognized employee organization; and

(2) at any time prior to the beginning of a hearing by the hearing board.

**5. § 3–109. Judicial review**

(a) *By circuit court.*—An appeal from a decision made under § 3–108 of this subtitle shall be taken to the circuit court for the county in accordance with Maryland Rule 7–202.

(b) *By Court of Special Appeals.*—A party aggrieved by a decision of a court under this subtitle may appeal to the Court of Special Appeals.

LEOBR ... has an opportunity to seek judicial review in the Circuit Court. *The statutes provided [the officers] with an opportunity to redress any problems both prior to the commencement of the ... hearing and at the completion of the administrative process, after a final decision on the merits.*

*Id.* at 492, 800 A.2d 790 (Emphasis supplied). Clearly, the Moose Court did not interpret these provisions of the LEOBR to require exhaustion of the pre-hearing show cause order remedy in order for the officer to avail himself of the post-hearing appeal.

We conclude that appellant had *the option* to pursue the issue of sufficiency of the notice provided to him under either LEOBR § 3–105 or § 3–109. Therefore, we agree that the hearing board was incorrect in denying appellant's motion to dismiss on the ground that he had failed to pursue a show cause order in the circuit court under LEOBR § 3–105. We do not, however, find any error in the hearing board's denial of appellant's motion to dismiss based upon other grounds, which we will discuss below.

██ In *Marshall,* 158 Md.App. 115, 854 A.2d 299, this Court examined as a matter of first impression what constitutes sufficient notice under the LEOBR. The *Marshall* Court held, *id.* at 128, 854 A.2d 299:

The question as to what constitutes sufficient notice of the nature of the investigation must be determined on a case by case basis. It does not necessarily require that all known detail or the exact charges be disclosed, but it must advise the officer as to the nature of the investigation, not just the existence of an investigation.

In *Marshall,* the appellee police officer was disciplined for refusing to answer questions at two interrogations because, he argued, the notice provided to him was insufficient to discern the nature of the charges against him. This Court agreed stating:

In the case before us, mindful of our deferential standard of review, there was no information provided as to the nature

of the investigation, and thus, the notice was insufficient as a matter of law.

The Notification advised appellee that there was a complaint "concerning a situation" in which he was involved. The explanation indicated that the conduct in question occurred before and after the capture of a suspected bank robber on January 8, 2002. The Notification did not indicate how long before or how long after the capture the conduct in question occurred. The Notification does not indicate where the conduct occurred. It does not indicate whether the complaint related to on duty or off duty conduct. There is no indication of any alleged wrongdoing before, during, or after the capture. The result is that appellee was left to speculate whether the complaint related to his apprehension of the suspect, whether it was criminal or non-criminal, whether it related to physical conduct or administrative actions, when and where it occurred, and under what circumstances. In short, the nature of the investigation was not disclosed.

*Id.* at 128, 854 A.2d 299.

■■■ The formal Notification of Complaint presented to appellant by Sergeant Bane on June 5, 2007, stated in pertinent part:

A complaint has been received concerning an incident in which you were alleged to have been involved. The details of the complaint are as follows: That on 05/08/07 you failed to report to juvenile court.

At the hearing, Sergeant Bane testified that in preparing the Notice of Complaint, he included only appellant's absence from juvenile court on May 8, 2007, because that was all he had to go on at that time. The evidence of record, including the e-mails from the prosecutor of the juvenile case, provide documentary support for Sergeant Bane's testimony. Though the record indicates that, prior to appellant's interrogation, Sergeant Bane collected other evidence relevant to May 8, 2007, including the overtime slip and e-mail summons annotated with case dispositions that were submitted by appellant,

Sergeant Bane did not have any proof that appellant had failed to appear in other cases, or that he had otherwise misbehaved in any way. Ironically, it was appellant's inability during his interrogation to explain the discrepancies in the dispositions he noted on the e-mail summons, as well as his inability to remember whether he was actually present at the other cases for which he was summoned on the same day, which necessitated Sergeant Bane's continued investigation into appellant's actions on May 8, 2007. It was not until after appellant's interrogation that Sergeant Bane began to actively pursue evidence related to the other charges that were eventually brought against appellant. Therefore, we find no error in Sergeant Bane's failure to include notice of these other charges in the Notification of Complaint that was provided to appellant prior to his interrogation.

Addressing appellant's argument that the Notice should have more completely identified the juvenile case he was accused of missing, thereby clarifying that it was not, in fact, the case involving Ms. Liberto, we discern that Ms. Liberto was only a witness, not the defendant in the case, thus her name would not have appeared on the notice even if the defendant's name and the case number had been provided. We do not know, and appellant fails to explain, how inclusion of this additional information would have served to disperse the fog of confusion enveloping him regarding which juvenile case he was accused of missing. Indeed, during his interrogation, appellant was given a copy of his annotated e-mail summons for May 8, 2007, which provided the defendant's name and the case number of the juvenile case he missed, yet at no time after receiving this e-mail summons did he seek to terminate the interrogation or request counsel. It is also clear from Sergeant Bane's subsequent questioning of Ms. Liberto and Officer Beall, that the mistaken belief that Ms. Liberto was involved in the relevant case was mutually held by both appellant and Sergeant Bane, at least at the time of appellant's June 5, 2007, interrogation.

Unlike the Notice that was found to be insufficient in *Marshall,* here the Notice provided to appellant prior to his

interrogation on June 5, 2007, clearly identified the date of the alleged incident—May 8, 2007—and the exact misconduct with which appellant was charged—failure to report to juvenile court. Therefore, we conclude that the Notice correctly and adequately set forth the nature of the investigation that had occurred up to that point in time. As we have held that the notice was sufficient, we need not address appellant's argument that his waiver of his right to counsel was invalid.

## II.

Under the LEOBR, the law enforcement agency, prior to conducting any administrative hearing, "shall give notice to the law enforcement officer ... [of] the issues involved." [6] LEOBR, P.S. § 3–107(b). We shall now consider whether the Notification of Charges provided to appellant prior to his administrative hearing was sufficient to "apprise the officer of the charges warranting disciplinary action in sufficient detail to enable the officer to marshal evidence and arguments in defense of the assertions." *Reed v. Mayor of Baltimore*, 323 Md. 175, 184, 592 A.2d 173 (1991).

 Preliminarily, we note that at appellant's hearing, he only moved to dismiss Counts 1, 2, 5, and 11, as being too vague. Appellant failed to raise the adequacy of the notice he was given as to the other charges against him; thus, his arguments as to Counts 3, 4, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, and 18 are not preserved for our review. *See Mayor of Ocean City v. Johnson*, 57 Md.App. 502, 516–17, 470 A.2d 1308 (1984)(holding that an appeal of a LEOBR decision is limited to those charges made and litigated before the hearing board). Furthermore, since appellant was found to be not guilty of the offense charged in Count 1, we presume he has no argument

---

6. LEOBR § 3–107(b) provides: Notice of hearing.—

 (1) The law enforcement agency shall give notice to the law enforcement officer of the right to a hearing by a hearing board under this section.

 (2) The notice required under this subsection shall state the time and place of the hearing and the issues involved.

with the determination of the hearing board on that issue. Therefore, we shall only consider appellant's arguments as to the specificity of Counts 2, 5, and 11.

 Count 2 charges appellant with a violation of APD rules regarding the conduct of officers. The facts in support of the charge allege "[t]hat on or about June 5, 2007 you made false statements to Detective Sergeant Kirk Bane." Counts 5 and 11 charge appellant with a violation of APD rules regarding department communications. The facts in support of Count 5 allege "[t]hat on or about May 12, 2007 you intentionally falsified your bi-weekly payroll sheet." The facts in support of Count 11 allege "[t]hat on June 5, 2007 you did intentionally provide inaccurate and/or untrue information in your statement given to Detective Sergeant Kirk Bane." The relevant sections of the APD Rules and Procedures Manual are set forth in the notifications. Appellant signed each of the charges, indicating that he was advised of the charges and the supporting statements, and that he understood them.

Appellant argues that Counts 2 and 11, accusing him of making false statements during his interrogation, contained no hint as to what statements he made that were allegedly false. He further contends that Count 5, accusing him of intentionally falsifying his payroll sheet, does not identify the alleged falsification, or even the specific date for which allegedly false entries were made.

APD responds that appellant's arguments are belied by the fact that he and his counsel vigorously litigated this case, presenting a substantive defense, including witness testimony and documents, that was sufficient to convince the prosecutor to dismiss three charges and to gain acquittal on four charges.

The Court of Appeals examined the sufficiency of the notice of charges provided to an officer in *Reed v. Mayor of Baltimore*, 323 Md. 175, 592 A.2d 173 (1991). The disciplinary charges in *Reed* arose from an encounter in the home of a Baltimore City police officer, during which the Maryland State Police arrested a man on a violation of probation warrant. *Id.* at 177, 592 A.2d 173. During the encounter, the police found

the officer's drivers license, suspected marijuana cigarette butts, and a semiautomatic pistol. *Id.* at 178, 592 A.2d 173. The officer was charged with two counts related to marijuana possession. *Id.* at 178–79, 592 A.2d 173. A LEOBR hearing was conducted. *Id.* at 179, 592 A.2d 173. The hearing board found the officer guilty on one of the charges based solely on the officer's failure to notify the arresting officers that the suspect had a firearm—an offense for which she had not been charged. *Id.* at 180–81, 592 A.2d 173. The Court of Appeals reversed the decision of the hearing board, stating that "the department's failure to notify [the officer] that her failure to warn would be an issue at the hearing on the charges against her violated the LEOBR." *Id.* at 184, 592 A.2d 173.

This case is comfortably differentiated from *Reed,* insofar as appellant was clearly acquainted with the misconduct that formed the basis for the charges against him. Counts 2 and 11 accused him of lying, and Count 5 accused him of falsifying information on his payroll sheet. It was unnecessary for the notification to delineate every fact in support of the charges, especially in light of the fact that appellant also received all of the documentary evidence collected by APD, which further informed him as to the basis of the case against him.

As to appellant's claims that Counts 2 and 11 failed to specify the allegedly untrue statements he made during his interrogation, we note that appellant was provided with a complete transcript of his interrogation. The interrogation transcript is a scant five pages and contains very few factual assertions made by appellant. We conclude that any difficulty in identifying the statements in the transcript which were inaccurate arose from appellant's misunderstanding as to which juvenile case he was accused of missing. It was not necessary, however, for the notification to include every known fact in support of the charges in order to correct appellant's misunderstanding. Because Counts 2 and 11 include the charged offense, the relevant law, and a brief statement of facts in support of the charges, we find that they were sufficient to allow appellant to prepare for his administrative hearing.

Next we consider appellant's claim that Count 5 was too vague because it failed to identify what information on his bi-weekly payroll sheet was alleged to be false. We note that all of the evidence in this case was based upon appellant's actions on May 8, 2007, or related to appellant's actions on May 8, 2007. The Notice of Complaint provided to appellant prior to his interrogation alleged his failure to appear for a juvenile case on May 8, 2007. During his interrogation, appellant was questioned as to whether he appeared in any of the three cases for which he was summoned on May 8, 2007. The three e-mail summons provided to appellant during his interrogation were all for cases on May 8, 2007. The overtime slip about which appellant was questioned at his interrogation was for May 8, 2007. The e-mail complaint from the prosecutor to appellant's captain regarded appellant's failure to appear on May 8, 2007. The subpoena for cell phone records was for calls on May 8, 2007. The entry log for the APD police department was for May 8, 2007. The interviews of Ms. Liberto and Officer Beall mistakenly dealt with their actions on May 8, 2007. And thirteen of the eighteen charges against appellant specifically cited his actions on or about May 8, 2007. In light of all of the circumstances, appellant's argument that Count 5 failed to specifically identify the date for which he had entered false information on his payroll sheet is rather disingenuous. Count 5 includes the charged offense, the relevant law, and a brief statement of facts in support of the charge. We, therefore, conclude that it was sufficient to allow appellant to prepare for the administrative hearing.

### III.

Appellant argues that by failing to provide a copy of the investigative report prepared by Sergeant Bane, or otherwise informing appellant that the juvenile case he was accused of missing was not the March 14, 2007 case involving Ms. Liberto, APD withheld exculpatory information that obstructed appellant from adequately preparing for his administrative hearing.

APD responds that this issue is not preserved for our review but, if preserved, APD contends that appellant's arguments on this issue have no merit because he was provided every piece of evidence that was collected by APD in the course of its investigation, including any and all exculpatory materials. APD further asserts that it was not required under the LEOBR to explain its hearing strategy, or inform appellant as to what the case against him was *not* about.

We acknowledge that appellant's attorney repeatedly commented during the hearing that he was fighting a "moving target," because it was unclear what juvenile case appellant was accused of missing. He also asserted that he was told that no investigative report existed. Appellant's attorney did not, however, ever make any objection on the record that APD had failed to provide exculpatory information. Even after the misunderstanding about which juvenile case appellant was accused of missing came to light during the afternoon of the first day of the hearing, no formal objection was ever entered regarding the admission of evidence that should have been produced during discovery. Therefore, we conclude that this issue was not properly preserved for our review. *See Mayor of Ocean City v. Johnson*, 57 Md.App. 502, 516–17, 470 A.2d 1308 (1984)(holding that an appeal of a LEOBR decision is limited to those charges made and litigated before the hearing board).

■ Even if appellant's argument was properly preserved, we would still find that appellee did not withhold exculpatory information to which appellant was entitled under the LEOBR. Under LEOBR § 3–104(n), appellant was entitled to the following information:

Information provided on completion of investigation.—

(1) On completion of an investigation and at least 10 days before a hearing, the law enforcement officer under investigation shall be:

(i) notified of the name of each witness and of each charge and specification against the law enforcement officer; and

(ii) provided with a copy of the investigatory file and any exculpatory information, if the law enforcement officer and the law enforcement officer's representative agree to:

1. execute a confidentiality agreement with the law enforcement agency not to disclose any material contained in the investigatory file and exculpatory information for any purpose other than to defend the law enforcement officer; and

2. pay a reasonable charge for the cost of reproducing the material.

(2) The law enforcement agency may exclude from the exculpatory information provided to a law enforcement officer under this subsection:

(i) the identity of confidential sources;

(ii) nonexculpatory information; and

(iii) recommendations as to charges, disposition, or punishment.

Appellant also served discovery requests upon APD that more specifically identified the documents he needed to prepare his defense. The only document appellant specifically identifies which he did not receive during discovery was Sergeant Bane's investigative report.

In his discovery requests, appellant asked for "a complete copy of the investigative report as completed and submitted by Sergeant Kirk Bane." In its responses to appellant's discovery requests, APD averred that "Sergeant Bane did not write an investigative report in this case, and none will be provided." At the hearing, Sergeant Bane testified that though he had started to draft a report, the official investigative report would not be completed and submitted until after the hearing board rendered its decision. Based upon Sergeant Bane's testimony, we conclude that the State's response to appellant's discovery request was technically accurate and minimally responsive, insofar as no investigative report had been "completed and

submitted" by Sergeant Bane, even at the time of the hearing.[7]

Appellant received every piece of evidence that was included in APD's investigation file, including any and all exculpatory materials. Indeed, appellant complains that APD even disclosed evidence that it later chose not to present at the hearing. We further observe that appellant had the assistance of a professional investigator and competent counsel to assist him in refining and analyzing the evidence provided to him. APD had no obligation to explain its theory of the case, nor to clarify what the case was not about prior to the administrative hearing. For all the foregoing reasons, we decline to reverse the decision of the Hearing Board.

## IV.

Appellant argues that the circuit court, in reviewing the decision of the hearing board, erred by affirming the board's decision to deny appellant's motion to dismiss on a basis that differed from that provided by the board. Such a standard is utilized to ensure that appropriate deference is given to the board's findings of fact and application of the law they are charged with administering. Appellant then inexplicably presses us to review his motion to dismiss *de novo*, as it is based solely upon an interpretation of law.

In a similarly muddling turnabout, APD argues in its brief that the circuit court properly reviewed the sufficiency of the notices that were provided to appellant utilizing a *de novo* standard. At oral argument, however, their representative repeatedly reminded us that deference was due to the APD's and the Board's interpretation of the relevant statutes.

We reiterate that in an appeal from a circuit court's judicial review of an administrative agency proceeding, we review the

---

7. We would encourage the APD to be more fully forthcoming in the future. A response indicating that the final investigative report would be filed after the hearing board issued its decision would have put appellant on notice that additional inquiry was appropriate.

final decision of the agency, not the decision of the circuit court. *People's Counsel for Balt. County v. Surina,* 400 Md. 662, 681, 929 A.2d 899 (2007); *Comptroller of the Treasury v. Johns Hopkins Univ.,* 186 Md.App. 169, 181, 973 A.2d 256 (2009). "Our role in reviewing the decision of an administrative agency is precisely the same as that of the circuit court. We, therefore, do not evaluate the findings of fact and conclusions of law made by the circuit court; instead, 'we review the administrative decision itself.'" *Solomon v. State Bd. of Physician Quality Assur.,* 155 Md.App. 687, 697, 845 A.2d 47 (2003) (quoting *Gabaldoni v. Bd. of Physician Quality Assur.,* 141 Md.App. 259, 273, 785 A.2d 771 (2001)). Accordingly, discussions of any alleged error in the actions taken, or the conclusions drawn by the circuit court, are not germane to this appeal.

Even if it was appropriate for us to review the actions of the circuit court, we would still find no error. Whether the notice provided to appellant was sufficient was purely a question of law. Thus, on review by the circuit court, it was properly reviewed utilizing a *de novo* standard of review. *See Coleman v. Anne Arundel County Police Dept.,* 369 Md. 108, 122, 797 A.2d 770 (2002) ("[W]e owe no deference to agency conclusions based upon errors of law."). The circuit court found that appellant's motion to dismiss was denied by the hearing board on its merits after the board considered argument from both sides. The court further found no reason to reverse the ruling of the hearing board based upon its own assessment of the merits of the case.

As discussed above, we agree with appellant that the hearing board erred in denying his motion to dismiss on the basis that he failed to exhaust his administrative remedies by declining to request a show cause order from the circuit court prior to his administrative hearing. We also find, however, that there is no merit to appellant's contentions that the notices provided to him were insufficient. Thus, we conclude that the hearing board arrived at the correct decision, to deny appellant's motion to dismiss. Therefore, we decline to reverse the hearing board's decision on this basis.

**438** 

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.**